UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN FABIAN ALVAREZ MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF RICHMOND, et al.,<br><br>Defendants. | Case No. 22-cv-05407-RS<br><br>**AMENDED ORDER DENYING MOTION TO DISMISS** |

## I. INTRODUCTION

Plaintiff Ivan Fabian Alvarez Martinez called 911 to report he was being aggressively chased by a stranger, while driving with his three-year-old daughter. Martinez pulled into a gas station. The stranger followed, and jumped onto Martinez' car. The stranger then fell onto the ground, just as the police were arriving. The police spoke to the stranger in English. When Martinez attempted to tell the police his story and asked for a translator, the police told him to "shut the fuck up." Martinez was arrested, handcuffed, and transported to the police station. Martinez alleges he was "roughed up" and that the officers struck his head against a car even though he was not a threat to the officers and did not attempt to strike them.

When the police eventually reviewed the video security footage from the gas station, they realized Martinez was the victim, not the aggressor, and they released him without charges. In this action, Martinez advances claims under federal and state law against Officer Miguel Castillo and the City of Richmond for the allegedly unreasonable detention and the excessive physical force he

contends the officers used.

Defendants move to dismiss, arguing the "bare, boilerplate" allegations of the amended complaint are insufficient to support a claim. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for December 8, 2022, is vacated. Because the determinations defendants seek—that the detention was not unreasonably prolonged and the force used was not excessive—are not matters that can be decided at the pleading stage, the motion will be denied.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.* at 679.

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Id.* at 1242 (internal quotation marks and citation omitted). When evaluating such a motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017).

CASE NO. 22-cv-05407-RS

2

III.  DISCUSSION

Defendants characterize the events alleged in the complaint as nothing more than "an honest mistake." Defendants contend the officers encountered a "chaotic and still-developing situation" in which they "initially mistook Plaintiff Martinez for an aggressor and detained him accordingly." Defendants claim Martinez was released in less than one hour. Defendants insist Martinez cannot assert claims related to the detention because the facts alleged in the complaint show the officers had "reasonable suspicion to engage with and temporarily detain Plaintiff."

The officers almost certainly had a lawful basis to detain Martinez temporarily—the complaint does not allege otherwise. Rather, the claim is that defendants violated Martinez's rights by subjecting him to an "unreasonably invasive, or prolonged investigatory detention." The complaint does not allege the specific length of the detention, and the parties' briefing reflect a factual dispute on that detail. The complaint alleges, however, that Martinez was transported to the police station, which takes it beyond the "brief investigatory stop" defendants seek to portray it as. Under all the circumstances alleged in the complaint, it cannot be said as a matter of law that the conduct was lawful, even though the *initial* detention very well may have been appropriate.

Defendants also insist Martinez cannot pursue claims based on allegedly excessive force because officers generally are entitled to use force if necessary, even in connection with investigatory stops, and the amount of force used in this instance "was reasonable under the circumstances and, therefore, lawful." The complaint alleges the officers "roughed up" Martinez struck his head against a vehicle, and physically injured his wrists during the application of handcuffs. Whether the force used was reasonable under the circumstances is a factual question that cannot be resolved in defendants' favor on the pleadings.

Finally, defendants argue the complaint does not adequately distinguish between the conduct of defendant Officer Castillo and that of his partner, identified only as "DOE."[1] The clear

---

[1] The partner is not a party to this action, as the complaint contains no charging allegations against him as a Doe defendant.

gist of the allegations, however, is that the two officers jointly carried out the alleged conduct. Further specificity is not required at this juncture.

## IV. CONCLUSION

The motion to dismiss is denied. Defendants shall file an answer within 20 days of the date of this order.

**IT IS SO ORDERED**.

Dated: December 5, 2022

_____
RICHARD SEEBORG
Chief United States District Judge